UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SYLVESTER and ANGELA ELLIS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-01797-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Plaintiffs Ryan Sylvester and Angela Ellis's (collectively, "Plaintiffs") Motion to Amend. (ECF No. 6.) Defendants Sacramento County Sheriff's Department, Sacramento County, and Scott Jones (collectively, "Defendants") filed an opposition (ECF No. 9), and Plaintiffs filed a reply (ECF No. 10). For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

///
///
///
///
///
///

1

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the death of a pretrial detainee on May 4, 2017.  (ECF No. 1-1 at 4.)  Plaintiffs, decedent's parents, filed the operative First Amended Complaint ("FAC") in Sacramento County Superior Court on June 23, 2020, asserting claims under 42 U.S.C. § 1983 and the Unruh Civil Rights Act, Civil Code § 51.  (*Id.* at 6–17.)  Defendants removed the action to this Court on September 7, 2020.  (ECF No. 1 at 1.)  On November 18, 2020, Plaintiffs filed the instant motion for leave to amend the FAC to add the true names of the individual deputies involved and include new facts acquired during initial discovery.  (ECF No. 6.)

### II.  STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court.  *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order.  *Id.*  The good cause standard primarily considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint.  *Id.*  If the moving party was not diligent, then good cause cannot be shown and the inquiry should end.  *Id.*

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a).  *Johnson*, 975 F.2d at 610.  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires."  The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *In re W. States*

*Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

### III. ANALYSIS

#### A. Rule 16

Because the pretrial scheduling order requires Plaintiffs to show good cause to amend at this stage, Plaintiffs must first meet Rule 16's good cause standard. (*See* ECF No. 2 at 2.)

Defendants argue Plaintiffs show a lack of diligence because they filed the instant motion two weeks after the scheduling order's deadline despite knowing the names of the deputies at least a month earlier. (ECF No. 9 at 4.) Defendants also argue Plaintiffs were not diligent while prosecuting this matter before removal. (*Id.*)

Despite Defendants' arguments, the Court finds Plaintiffs made a sufficient showing of diligence. Plaintiffs indicate they prepared the proposed Second Amended Complaint ("SAC") shortly after receiving large investigate reports through discovery and sent a copy of the proposed SAC to Defendants in an effort to stipulate to its filing. (ECF No. 7 at 5.) Defendants rejected Plaintiffs' efforts to stipulate on November 4, 2020. (ECF No. 8 at 4–5.) There is no evidence that Plaintiffs missed the November 6, 2020 filing deadline as a result of carelessness rather than normal delays. Indeed, Plaintiffs filed the instant motion less than two weeks after the filing deadline. Based on these purported facts, the Court finds Plaintiffs were sufficiently diligent to satisfy Rule 16's good cause standard. *See Johnson*, 975 F.2d at 609.

#### B. Rule 15

The Court now turns to whether Plaintiffs' motion is proper under Rule 15. Defendants argue leave to amend would cause prejudice and undue delay.[1] (ECF No. 9 at 8.) The Court will address Defendants' arguments in turn.

##### i. *Prejudice*

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

---

[1] Although Defendants also vaguely assert Plaintiffs' amendment is futile and sought in bad faith, Defendants fail to develop these arguments in any meaningful way. (*See* ECF No. 9 at 8.)

3

"Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-cv-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citations omitted).  Courts have found proposed amendments to be prejudicial when leave to amend is requested as a relevant discovery deadline nears or has already passed.  *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Sols.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendants argue the proposed amendments would prejudice Defendants since "[t]he costs of litigation would increase for [D]efendants because they will incur potentially high, additional litigation costs relating to addressing each and every race-baiting allegation, filing a motion to strike, and attending a hearing on the motion." (ECF No. 9 at 8.)

The Court disagrees that granting leave to amend would unduly prejudice Defendants. Plaintiffs request to add information such as basic title changes and the names of the involved deputies.  (*See* ECF No. 6 at 2–3.)  Defendants fail to persuade the Court that allowing the proposed amendments "would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *BNSF Ry. Co.*, 2011 WL 3328398, at *2. There is no trial date set, discovery is still open, and this case is still in the early stages of litigation.  To the extent Defendants challenge material that is already included in the FAC, such a challenge would be more appropriately brought in a properly noticed motion.  (ECF No. 9 at 5–7); *see SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied in a Rule 12(b)(6) motion, . . . such issues are often more appropriately raised in a motion to dismiss rather than an opposition to a motion for leave to amend.").  As it is, the Court finds the prejudice to Defendants, if any, is minimal.

Accordingly, this factor weighs in favor of granting leave to amend.

        *ii.*     *Undue Delay*

In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)).  However, "undue delay by itself . . . is insufficient to justify denying a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

The Court notes that even if Plaintiffs' delay was unreasonable, that factor alone is insufficient to deny Plaintiffs' motion, especially when the remaining Rule 15 factors weigh in favor of granting leave to amend.  *See Bowlers*, 198 F.3d at 758.  However, as discussed, Plaintiffs' delay was not unreasonable based on the relatively short amount of time between when Plaintiffs received the new information and when Plaintiffs sought leave to amend.  Therefore, this factor also weighs in favor of granting leave to amend.

In sum, the Court finds that Plaintiffs have met Rule 16's good cause standard.  The Court also finds the Rule 15 factors weigh in favor of granting Plaintiffs' motion because (1) such an amendment will not unduly prejudice Defendants, (2) there is no evidence Plaintiffs acted in bad faith, (3) there is no undue delay, and (4) there is no evidence the proposed amendment is futile.

### IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' Motion to Amend.  (ECF No. 6.)  The Court ORDERS Plaintiffs to file its Second Amended Complaint not later than fourteen (14) days from the electronic filing of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days after the filing of Plaintiffs' SAC.

IT IS SO ORDERED.

DATED:  July 30, 2021

Troy L. Nunley
United States District Judge

5