UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SYLVESTER and ANGELA ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al,<br><br>Defendants. | No. 2:20-cv-01797-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendants Sacramento County Sheriff's Department ("Sheriff's Department"), Sacramento County ("County"), Sheriff Scott Jones, Deputy Timothy Mullin ("Deputy Mullin"), and Deputy Dick Mah's ("Deputy Mah") Motion to Dismiss under Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(6) and 12(f).  (ECF No. 17.) Plaintiffs Angela Ellis and Ryan Sylvester ("Plaintiffs") opposed the motion.  (ECF No. 21.) Defendants replied.  (ECF No. 22.)  Also pending before the Court is Defendant Griggs's[1] Motion to Dismiss.  (ECF No. 24.)  Plaintiffs opposed the motion.  (ECF No. 25.)  Defendant Griggs has

---

[1] The Court refers to all Defendants collectively as "Defendants," and will specifically note when arguments are specific to Defendant Griggs or the Defendants listed in the Motion to Dismiss, ECF No. 17.

1

1  replied. (ECF No. 27.)

2  For the reasons discussed herein, the Court DENIES IN PART and GRANTS IN PART
Defendants' Motions to Dismiss. (ECF No. 17; ECF No. 24.)

**I.  FACTUAL AND PROCEDURAL BACKGROUND[2]**

This case arises from the death of an unarmed pretrial detainee, Ryan Ellis, ("Decedent") on May 4, 2017. (ECF No 15.) The initial complaint was filed on May 6, 2019, in the Superior Court of California, County of Sacramento, and brought by Decedent's parents, Plaintiffs Ryan Sylvester and Angela Ellis *in propria persona*.[3] (*Id.* at ¶ 3–4.) Plaintiffs filed a first amended complaint on June 23, 2020. (ECF No. 1-1 at 4.) Defendants removed the action to this Court on September 7, 2020. (ECF No. 1 at 1.) On November 18, 2020, Plaintiffs filed a motion to file a second amended complaint (ECF No. 6), which this Court granted (ECF No. 14).

On August 2, 2021, Plaintiffs filed the operative Second Amended Complaint ("SAC") alleging violations under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983") and the Unruh Civil Rights Act, Civil Code § 51. (ECF No. 15.) Plaintiffs claim Decedent was wrongfully killed by Sheriff's Deputies in the fields behind the cleaners near Watt Avenue. (*Id.* at ¶ 3.) Plaintiffs assert they have had to endure Defendants' cover up of the wrongful killing. (*Id.* at ¶¶ 3, 4.)

Plaintiffs allege they received the 141-page Sheriff's Deputy Investigative Report

---

[2] The Court notes Plaintiffs' SAC appears to be missing a page. (*See* ECF No. 15 at 11–12.) For efficiency sake, the Court addresses the SAC as if it were fully intact.

[3] Defendants request judicial note of the original complaint to show that Plaintiff Ellis failed to sign the pleading. (ECF No. 17-2 at 1–2.) Federal Rule of Evidence 201 permits the Court to take judicial notice of facts not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). The Court may judicially notice the records and filings of other Court proceedings. *Tellabs, Inc. v. Makor Issues & Rights, ltd.*, 551 U.S. 308, 322 (2007). This includes documents filed in state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Having reviewed this request, the Court takes judicial notice of Plaintiffs' original state court filing.
      The request also asks the Court to take judicial notice of the County of Sacramento's Notice of Rejection of Plaintiffs' tort claim, and the proof of service of the rejection. (ECF No. 17-2 at 2.) The Court does not rely on these documents in its disposition of this motion and accordingly declines to take judicial notice at this time.

("Report") on October 16, 2020, which outlines Defendants' account of the events that led to Decedent's death. (*Id.* at ¶¶ 14, 16.) The Report details a series of events that began after Decedent's ex-wife, Breanna Ellis, made a complaint about Decedent. (*Id.* at ¶ 20.) According to the Report, Defendant Mullin was dispatched to the location where he was unable locate Decedent. (*Id.*) He was later informed that Decedent was sitting in a blue Mustang. (*Id.*) Defendant Mullin apprehended Decedent, who was unarmed, and placed him in the rear of Defendant Grigg's patrol vehicle. (*Id.*)

According to the Report, Defendant Griggs transported Decedent for booking in county jail but while in transit, Decedent allegedly began "kicking out her vehicle window." (*Id.* at ¶ 20.) Defendant Griggs alternated between accelerating and decelerating her vehicle to keep Decedent off-balance and prevent him from escaping through the window. (*Id.* at ¶ 22.) Regardless, Decedent was able to move his body through the window upon which he suffered injuries, resulting in his death. (*Id.*)

Plaintiffs contest the accuracy of the Report arguing Defendants disregarded all available observations and evidence from Decedent's family and instead colluded to cover up Decedent's wrongful killing. (*Id.* at ¶¶ 3, 4, 6, 12.) Plaintiffs present an alternate series of events claiming Decedent was arrested without incident, but following his arrest, Defendant Griggs drove in the opposite direction of the jail and the three officers involved proceeded to kill him and then cover up this killing. (*Id.* at ¶¶ 41–42.) Plaintiffs maintain Decedent was a drug addict, a seasoned arrestee, and out of shape and therefore unable to kick down a window and climb out of a moving car while in handcuffs. (*Id.* at ¶ 37.) Plaintiffs allege Decedent was wrongfully murdered and his body was moved from the location of his death to the roadside, further alleging his body did not have wounds consistent with falling out of a police car. (*Id.* at ¶¶ 42, 44.)

On August 24, 2021, Defendants filed a motion to dismiss, (ECF No. 17), and on November 1, 2021, Defendant Griggs separately filed a motion to dismiss (ECF No. 24).

II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

3

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

1  facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim
2  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
3  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
4  680.  While the plausibility requirement is not akin to a probability requirement, it demands more
5  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility
6  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
7  experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or
8  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
9  dismissed.  *Id.* at 680 (internal quotations omitted).

10  In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits
11  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.
12  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*
13  *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*
14  *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true
15  allegations that contradict matters properly subject to judicial notice).

16  If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
17  amend even if no request to amend the pleading was made, unless it determines that the pleading
18  could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,
19  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));
20  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
21  denying leave to amend when amendment would be futile).  Although a district court should
22  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to
23  deny such leave is 'particularly broad' where the plaintiff has previously amended its
24  complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.
25  2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).
26  ///
27  ///
28

**III.    ANALYSIS**[4]

Defendants bring four main arguments in requesting the Court dismiss Plaintiffs' SAC: (1) Plaintiff Ellis's claims are time-barred due to her failure to sign the initial complaint; (2) Defendant Jones should be dismissed because he is sued in his official capacity only; (3) Plaintiff has failed to allege any § 1983 violations and thus the claims should be dismissed; and (4) the Court should dismiss Plaintiffs' state law claims.  (ECF No. 17-1; ECF No. 24-1.)  The Court will address each argument in turn.

A.   Statute of Limitations

As a threshold matter, Defendants argue Plaintiff Ellis, while proceeding pro per, did not sign the initial complaint and thus her claims are time-barred by the applicable statute of limitations.  (ECF No. 17-1 at 19; ECF No. 24-1 at 19.)  Plaintiffs, in opposition, argue that they substantially complied with the filing requirements.  (ECF No. 21 at 20.)

The two-year statute of limitations in this action is undisputed.[5]  It is also undisputed that Plaintiff Ellis failed to sign the initial state court complaint.  At issue is whether Plaintiff Ellis's failure to sign the initial complaint within the two-year timeframe is grounds for dismissal.  The federal rules require that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  Similarly, under California state law, "Every pleading . . . shall be signed by at least one attorney of record in the attorney's individual name, or, if the party

---

[4]    As the Court's analysis on Defendants' Rule 12(b)(6) motion is dispositive, the Court declines to address Defendants' arguments as to Rule 12(f).

[5]    While no statute of limitations is contained within the express language of § 1983, the United States Supreme Court has directed that 42 U.S.C. § 1988 "requires courts to borrow and apply to all § 1983 claims the one most analogous state statute of limitations."  *Owens v. Okure*, 488 U.S. 235, 240 (1989).  As civil rights actions are best characterized as actions for injuries to personal rights, federal courts borrow the state statute of limitations that applies to personal injury actions in the forum state for both acts.  *McDougal v. County of Imperial*, 942 F.2d 668, 672–74 (9th Cir. 1991).  Plaintiffs' action is subject to California's two-year statute of limitations for personal injury actions.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); Cal. Code. Civ. Proc. § 335.1 (statute of limitations for personal injury actions in California is two years).  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

1   is not represented by an attorney, shall be signed by the party." Cal. Code. Civ. Proc. 128.7(a).

2   The Court is unconvinced that Plaintiff Ellis's failure to sign the initial complaint is
3   grounds for dismissal. Plaintiffs' initial complaint was filed in state court, where "it has been
4   held that an unsigned complaint is an irregularity, rather than a 'nullity,' that may be cured by
5   amendment." *Bd. of Trustees v. Superior Ct.*, 149 Cal. App. 4th 1154, 1164 (2007); *see also Xue*
6   *v. Aramark Corp.*, No. C065667RJB, 2007 WL 1232159, at *6 (W.D. Wash. Apr. 26, 2007)
7   ("The signature on the complaint is a technical defect, and plaintiffs should be permitted to
8   correct the defect by filing a signed amended complaint."). Plaintiffs *did* file an amended
9   complaint. The first amended complaint was filed on June 23, 2020, and was signed by the
10  attorney for both Plaintiffs. (ECF No. 1-1 at 18.) The operative complaint in this matter is the
11  SAC and was also signed by the attorney for Plaintiffs. (ECF No. 12 at 42.)

12  Moreover, Courts in this district have held that cases are commenced on the date they are
13  filed, regardless of whether the complaint was unsigned. *See I.R.S. v. Koff*, No. S-00-CV-1954,
14  2002 WL 1004744, at *6 (E.D. Cal. Mar. 18, 2002) (finding a civil action "commenced" for
15  statute of limitations purposes the day an unsigned complaint was filed, even though the
16  complaint was stricken).

17  The Court finds Defendants' statute of limitations argument unavailing, and the motions
18  on this basis are accordingly DENIED.

19       B.   Defendant Jones

20  Defendants argue Defendant Jones should be dismissed because he is sued in his official
21  capacity only. (ECF No. 17-1 at 20.) "When both a municipal officer and a local government
22  entity are named, and the officer is named only in an official capacity, the court may dismiss the
23  officer as a redundant defendant." *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*,
24  533 F.3d 780, 799 (9th Cir. 2008); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As
25  long as the government entity receives notice and an opportunity to respond, an official-capacity
26  suit is, in all respects other than name, to be treated as a suit against the entity.").

27  In this action, Plaintiffs sue both the County and Sheriff's Department, which are local
28  government entities. (ECF No. 15 ¶ 5.) Plaintiffs have failed to deny they sued both the County

and the Sheriff's Department. They also fail to deny they sue Defendant Jones in his official capacity only. Instead, they rely on *Ex Parte Young*, 209 U.S. 123 (1908), to argue Defendant Jones "is a proper defendant in this action, because he is the person who can carry out the injunctive relief requested in Plaintiffs' Complaint." (ECF No. 21 at 22.) However, the Supreme Court has clarified that "[t]here is no longer a need to bring official-capacity actions against local government officials . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky*, 473 U.S. at 167 n.14. Accordingly, Defendants' motion to dismiss Defendant Jones from this action is GRANTED.

### C. Section 1983 Claim

Plaintiffs appear to bring four separate constitutional claims under § 1983, alleging Defendants violated their, Fourth, Fifth, and Fourteenth Amendment rights. (*See* ECF No. 15.) Defendants argue Plaintiffs' SAC pleads allegations implicating the Fourth, Fourteenth, and Fifth Amendment, and should be dismissed because: (1) Plaintiffs' lack standing to sue on Decedent's behalf under the Fourth and Fourteenth Amendments; (2) any claims brought under the Fifth Amendment fail because such claims are only applicable to the Federal government; and (3) Plaintiffs failed sufficiently to allege a *Monell* claim. (ECF Nos. 17-1, 24-1.)

    *i.*  *Standing as to Fourth Amendment Claim*

Defendants argue that to the extent Plaintiffs' § 1983 Claim is brought under the Fourth Amendment, Plaintiffs lack standing to assert such a claim because "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." (ECF No. 17-1 at 12 (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)); ECF No. 24-1 at 13.) To the extent the claim is brought under the Fourth Amendment, Plaintiffs' claim fails. *See Alderman*, 394 U.S. at 174. Only the estate may bring such claim, not the family members on their own behalf. *Longoria v. Pinal County*, 873 F.3d 699, 711 (9th Cir. 2017); *see also Rose v. City of Los Angeles*, 814 F.Supp. 878, 881 (C.D. Cal. 1993) ("It is well established that the federally protected rights that are enforceable under Section 1983 are 'personal' to the injured party . . . a § 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else.").

Plaintiffs fail to respond to this argument and appear to concede this point. (*See* ECF No. 21; ECF No. 25.) *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (quoting *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011). ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.")); *see also Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned claims by not raising them in opposition to motion for summary judgment); *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1147 n.7 (E.D. Cal. 2005).

Accordingly, Defendants' motion to dismiss Plaintiff's Fourth Amendment claim is hereby GRANTED.

      *ii.*  *Standing as to Fourteenth Amendment Claim*

Defendants argue that to the extent Plaintiffs' § 1983 Claim is brought under the Fourteenth Amendment, Plaintiffs lack standing to assert such a claim because there is no constitutional conduct directed at Plaintiffs. (ECF No. 17-1 at 1213; ECF No. 24-1 at 14–15.) Defendants further argue that to the extent Plaintiffs' claim is premised on a violation of the Equal Protection Clause of the Fourteenth Amendment, the claim fails because plaintiffs cannot assert the rights of third parties. (ECF No. 17-1 at 15(citing *Estate of Amos v. City of Page*, 257 F.3d 1086, 1093 (9th Cir. 2001); ECF No. 24-1); *see also Rose*, 814 F.Supp. at 881.

To the extent Plaintiff's § 1983 claim is brought under the Fourteenth Amendment, such claim fails as there was no alleged conduct directed toward Plaintiffs. *See Archuleta v. McShan*, 897 F.2d 495, 496 (10th Cir. 1990). Moreover, Plaintiffs fail to respond to this argument, and the Court deems it abandoned. (*See* ECF No. 21; ECF No. 25.) *See Stichting Pensioenfonds ABP*, 802 F. Supp. 2d at 1132. [6] Defendants' motion to dismiss this claim is GRANTED.

///

---

[6] The Court, having dismissed this claim, declines to consider Defendant Griggs's argument that even if there is a right to familial association, the claim fails because Plaintiffs have failed to show the "termination of the parent-child relationship" resulting from "governmental interference." (ECF 24-1 at 15.)

9

### iii. Fifth Amendment Claim

To the extent a Fifth Amendment claim exists, Defendant Griggs argues it must be dismissed because the Fifth Amendment only applies to the federal government. (ECF No. 24-1 at 14.) Plaintiff appears to assert a claim stating Defendants committed a "5th Amendment . . . due process violation as to allowable level of torture and pain to a compliant and submissive suspect." (ECF No. 15 ¶ 57.) This claim fails because it is clearly foreclosed as the Fifth Amendment's due process clause only applies to the federal government. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). As Defendant Griggs is a local law enforcement official and not the federal government, Defendant Griggs's motion to dismiss Plaintiff's Fifth Amendment claim is GRANTED.

### iv. *Monell* Claim

Plaintiffs argue Defendants are liable under *Monell v Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), because the "case contains a challenge to [the] custom and policy of the Sheriff's Department to cover up killings by deputies." (ECF No. 15 ¶ 46.) Defendants argue Plaintiffs' *Monell* claim must fail because Plaintiffs cannot base liability for a single isolated incident, and any assertation that Defendants' conduct amounted to more than this is conclusory. (ECF No. 17-1 at 15–16.)

Under *Monell*, a municipal government is liable as a "person" under § 1983. *Monell*, 436 U.S. at 690. However, municipalities cannot be held vicariously liable for the unconstitutional acts of their employees based solely on a *respondeat superior* theory. *Id.* at 691. Rather, municipalities are only responsible for "their own illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). Specifically, a municipality may be held liable only where it individually causes a constitutional violation through "execution of a government's policy or custom, whether by its law-makers or by those whose edicts or acts may fairly be said to represent" them. *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1185 (E.D. Cal. 2010) (quoting *Rendon v. City of Fresno*, No. 1:06-CV-01851-OWW-SMS, 2007 WL 2302340, at *4 (E.D. Cal. Aug. 8, 2007).

A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with

respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008) (quoting *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002)). A "custom" for purposes of municipal liability is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotation marks omitted). In light of *Iqbal*, the federal pleading rules for municipal liability claims must identify the policy/custom, explain how the specific policy/custom was deficient, how the policy/custom caused plaintiff harm, and how the policy/custom amounted to deliberate indifference (i.e. how the deficiency was obvious and the constitutional injury was likely to occur). *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

Here, Plaintiffs allege Defendants had a policy to "silence issues on killings of black people." (ECF No. 15 at 40.) Plaintiffs fail to provide *any* allegations of a custom or policy beyond this threadbare, conclusory allegation. This is insufficient. Accordingly, the Court GRANTS Defendants' motion to dismiss as to the § 1983 claims.[7]

### D. State Claims

Defendants also move to dismiss Plaintiffs' state law claims. (ECF No 17 at 16; ECF No. 24-1 at 17.) When a federal court has dismissed all claims over which it has original jurisdiction, it may, at its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009). Because this Court's jurisdiction depends on Plaintiffs stating a viable § 1983 claim — and the Court has indicated its doubt as to whether Plaintiffs can do so — the Court declines to rule on Defendants' challenges to Plaintiffs' remaining state law claims at this time. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (stating that courts have inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").[8]

---

[7] The Court declines to address Defendant Grigg's qualified immunity argument at this time. (ECF No. 24-1 at 16–17.)

[8] As all of Plaintiffs' claims are dismissed, the Court declines to consider Defendants'

11

1  Accordingly, Plaintiffs' SAC is DISMISSED.  Out of an abundance of caution, the Court grants Plaintiffs a final opportunity to amend.  The Court cautions Plaintiffs that any amended filing must comply with this Order.

### IV. CONCLUSION

For the aforementioned reasons, the Court hereby DENIES Defendants' Motion to Dismiss as to the argument that Plaintiff Ellis should be dismissed from this action.  The Court GRANTS Defendants' Motions to Dismiss under Rule 12(b)(6), as to all other arguments, with leave to amend.  (ECF No. 17; ECF 24.)  Plaintiffs may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days after Plaintiffs file an amended complaint.  If Plaintiffs opt not to file an amended complaint, the Court will dismiss the action and close the case.

**DATE:  February 7, 2023**

Troy L. Nunley
United States District Judge

---

arguments as to Plaintiff's request and prayer for relief.  (*See* ECF No. 24-1 at 20.)

12