1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   RYAN SYLVESTER and ANGELA              No. 2:20-cv-01797-TLN-CKD
     ELLIS,
12
                 Plaintiffs,
13                                          **ORDER**
             v.
14
     SACRAMENTO COUNTY SHERIFF'S
15   DEPARTMENT, et al.,

16               Defendants.

17

18          This matter is before the Court on Defendants Scott Jones ("Jones"), in his official

19   capacity as Sacramento County Sheriff; Sacramento County Deputies Sheriff Timothy Mullin

20   ("Mullin"), Dick Mah ("Mah"), and Bobi Griggs ("Griggs"), in their individual capacities; the

21   County of Sacramento; and the Sacramento County Sheriff's Department's (collectively,

22   "Defendants") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the

23   alternative, Motion to Strike under Federal Rule of Civil Procedure 12(f).  (ECF No. 31.)

24   Plaintiffs Ryan Sylvester and Angela Ellis (collectively, "Plaintiffs") filed an opposition (ECF

25   No. 32), and Defendants filed a reply (ECF No. 34).

26          Also before the Court is Plaintiffs' Motion to Amend their Third Amended Complaint

27   ("TAC").  (ECF No. 35.)  Defendants filed an opposition to the motion to amend.  (ECF No. 36.)

28   Plaintiffs did not file a reply.

                                                1

1    For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss and

2    DENIES Defendants' Motion to Strike.  (ECF No. 31.)  The Court DENIES Plaintiffs' Motion to

3    Amend.  (ECF No. 35.)

4    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

5    This case arises from the death of an unarmed pretrial detainee, Ryan Ellis ("Ellis").

6    Plaintiffs are Ellis' parents and allege they received a 141-page investigative report from the

7    Sacramento County Sheriff's Department ("Report") that outlines Defendants' version of the

8    circumstances that led to Ellis' death.  (ECF No. 30 at ¶¶ 3–4, 16–28.)  The Report details a series

9    of events that began after Griggs, Mah, and Mullin responded to a call from Ellis' former partner

10   that Ellis was violating the terms of his restraining order.  (*Id.* at ¶¶ 16–28.)

11   According to the Report, the officers searched and handcuffed Ellis upon arriving at the

12   scene and placed Ellis in the back of Griggs' patrol car.  (*Id.* at ¶ 18.)  Ellis became increasingly

13   agitated during transportation to the county jail and reportedly kicked out one of the rear windows

14   of Griggs' patrol car and propped his body out of the open window.  (*Id.* at ¶¶ 21–22.)  Griggs

15   began alternating between accelerating and decelerating to keep Ellis off balance to prevent him

16   from escaping through the window.  (*Id.* ¶ 22.)  Griggs' erratic driving continued for some time

17   until Ellis allegedly jumped head-first out of the window during a point of deceleration, resulting

18   in his death.  (*Id.*)

19   Plaintiffs contest the accuracy of the Report and present an alternate version of events.  In

20   their view, Ellis could not have kicked out the back window of Griggs' patrol car and jumped out

21   of a moving vehicle while handcuffed because he was "untrained in acrobatics, was a long-

22   standing meth addict, out of shape, and had little athletic ability[,]" among other things.  (*Id.* at ¶

23   42.)  Instead, they believe Griggs, Mah, and Mullin murdered Ellis and covered it up pursuant to a

24   county policy of obscuring officer-involved fatalities when the deceased is African American.

25   (*Id.* at ¶ 37.)  Plaintiffs allege Griggs intentionally turned off her cameras and took a detour to a

26   discreet location where the officers beat Ellis to death before dragging his body to the side of the

27   road to make it look like an accident.  (*Id.* at ¶¶ 24, 47, 52, 58.)

28   In May 2019, Plaintiffs, proceeding in pro per, filed a Complaint in the Sacramento

County Superior Court against the Sacramento County Sheriff's Department. (*See* ECF No. 29 at 2 n.3 (taking judicial notice of Plaintiffs' Complaint); ECF No. 17-2, Ex. B (Plaintiffs' Complaint).) The following month, Plaintiffs — now represented by counsel — amended their Complaint to add Jones and the County of Sacramento as Defendants and causes of action under 42 U.S.C. § 1983 and Cal. Civ. Code § 51. (ECF No. 1-1.) Jones, the Sacramento County Sheriff's Department, and the County of Sacramento removed the action to this Court. (ECF No. 1.)

In August 2021, Plaintiffs filed their Second Amended Complaint ("SAC") after receiving leave from the Court, adding Griggs, Mah, and Mullin as Defendants and realleging causes of action under 42 U.S.C. § 1983 and Cal. Civ. Code § 51. (ECF Nos. 14, 15.) Defendants moved to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). (*See* ECF Nos. 17, 24.) The Court dismissed Plaintiffs' § 1983 claim with leave to amend and declined to exercise supplemental jurisdiction over their state law claim. (ECF No. 29.) Specifically, the Court found that: (1) Jones is a redundant Defendant because he is only sued in his official capacity and the County of Sacramento and its Sheriff's Department are already named as Defendants; (2) Plaintiffs lack standing to assert a § 1983 claim for purported violations of Ellis' Fourth and Fourteenth Amendment rights; (3) Plaintiffs' § 1983 claim for a purported violation of Ellis' Fifth Amendment right to due process is not cognizable because that amendment only constrains the federal government — not counties; and (4) Plaintiffs' claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (hereinafter *Monell* claim) failed as a matter of law because Plaintiffs did not sufficiently allege Defendants had a custom, policy, or practice that violated Ellis' federal rights. (ECF No. 29 at 7–11.) The Court admonished Plaintiffs that they have one "final opportunity to amend" and that "any amended filing must comply with [the Court's] Order." (*Id.* at 12.)

On March 10, 2023, Plaintiffs filed the operative TAC, realleging causes of action under 42 U.S.C. § 1983 and Cal. Civ. Code § 51 and including Jones as a Defendant. (*See* ECF No. 30.) Defendants filed the instant motions to dismiss, or alternatively strike, the TAC on March 29, 2023. (ECF No. 31.)

/ / /

3

1     On June 1, 2023, Plaintiffs filed the instant motion to amend their TAC to include

2    additional exhibits and allegations regarding standing.  (*See* ECF No. 35.)

3        **II.**    **STANDARD OF LAW**

4     A motion to dismiss for failure to state a claim upon which relief can be granted under

5    Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

6    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

7    "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

8    Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in

9    federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

10   grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

11   citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

12   discovery rules and summary judgment motions to define disputed facts and issues and to dispose

13   of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

14    On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

15   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

16   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

17   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

18   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

19   relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

20    Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

21   factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

22   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

23   unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

24   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

25   elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

26   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

27   statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences

28   are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355

1   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

2   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

3   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

4   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

5          Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

6   facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim

7   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

8   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

9   680.  While the plausibility requirement is not akin to a probability requirement, it demands more

10  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility

11  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

12  experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or

13  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

14  dismissed. *Id.* at 680 (internal quotations omitted).

15         In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

16  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

17  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

18  *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*

19  *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true

20  allegations that contradict matters properly subject to judicial notice).

21         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

22  amend even if no request to amend the pleading was made, unless it determines that the pleading

23  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

24  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

25  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

26  denying leave to amend when amendment would be futile).  Although a district court should

27  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

28  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

1 | *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

2 | *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

3 | **III.   ANALYSIS**

4 | Defendants raise seven main arguments in their motion to dismiss: (1) Plaintiffs lack

5 | standing to bring a wrongful death or survival action; (2) Plaintiffs' § 1983 claim should be

6 | dismissed; (3) Griggs, Mah, and Mullin are entitled to qualified immunity; (4) Jones is a

7 | redundant Defendant who should be dismissed; (5) Plaintiffs' second cause of action under Cal.

8 | Civ. Code § 51 should be dismissed; (6) Plaintiffs' request for injunctive relief should be stricken

9 | or dismissed for lack of standing and failure to allege an irreparable injury; and (7) Plaintiffs'

10 | claims should be dismissed because they are based on conclusory and groundless allegations that

11 | are contradicted by Plaintiffs' statements and exhibits.[1]  (ECF No. 31-1 at 10–22.)

12 | A.   Standing to Bring a Wrongful Death or Survival Action

13 | As a threshold matter, Defendants argue Plaintiffs' TAC should be dismissed in its

14 | entirety because Plaintiffs lack standing to assert a wrongful death or survival action under

15 | California law.  (ECF No. 31-1 at 10–13.)  Defendants maintain Plaintiffs have not made the

16 | requisite showing that they are the personal representatives or heirs of Ellis or otherwise

17 | demonstrate they are entitled to bring a wrongful death or survival action.  (*Id.*)  In opposition,

18 | Plaintiffs contend they have standing to pursue a wrongful death action under § 1983 as Ellis's

19 | parents.[2]  (ECF No. 32 at 7–10.)

20 |

---

21 | [1]      Because the Court dismisses Plaintiffs' § 1983 claim as to all Defendants, the Court refers to Defendants collectively (unless otherwise noted) and declines to address Griggs, Mah, and

22 | Mullin's argument that they are entitled to qualified immunity.  *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("[T]he better approach to resolving cases in which the defense of

23 | qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all.").  Likewise, Defendants' argument that Jones is a redundant

24 | Defendant is moot, and therefore, the Court declines to address it.

25 | [2]      Plaintiffs appear to conflate a wrongful death action under California law (*see* Cal. Civ.

26 | Proc. Code § 377.60 et seq.) with a § 1983 claim premised on a killing in violation of the Fourteenth Amendment's Due Process Clause.  The Court nevertheless construes Plaintiffs'

27 | pleadings to argue the latter.  *See Ass'n for L.A. Deputy Sheriffs v. Cnty. of L.A.*, 648 F.3d 986, 991 (9th Cir. 2011) (on a motion to dismiss, all reasonable inferences must be drawn in the

28 | plaintiff's favor).

1    A claim of wrongful death is a statutory cause of action under California law.  *See* Cal.

2    Civ. Proc. Code § 377.60 et seq.; *Ceja v. Rudolph & Sletten, Inc.*, 56 Cal. 4th 1113, 1118 (2013)

3    (wrongful death actions are statutory in origin and exist only insofar as the Legislature declares).

4    Although Plaintiffs reference a wrongful death action in their TAC, their first cause of action is a

5    § 1983 claim premised on a violation of the Fourteenth Amendment, not a state wrongful death

6    claim.  (ECF No. 30 at ¶¶ 29–84; ECF No. 32 at 5 ("(T)he current claim is based on the

7    substantive due process clause of the Fourteenth Amendment.").)  A survival action, on the other

8    hand, is one where a plaintiff asserts the rights of a deceased person.  *See* Cal. Civ. Proc. Code §

9    377.20 et seq.; *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998), *as*

10   *amended* (Nov. 24, 1998).  As discussed below, however, Plaintiffs purport to assert their own

11   rights, not Ellis'.

12       Accordingly, Defendants' motion to dismiss the TAC for lack of standing to assert a

13   wrongful death or survival action is DENIED.

14       B.    Section 1983 Claim[3]

15       Plaintiffs' first cause of action under 42 U.S.C. § 1983 alleges "Defendants' conduct in

16   wrongfully killing [Ellis] on May 4, 2017[,] in the fields behind the car wash on Watt [Avenue],

17   constitute[s] a violation of Plaintiffs' substantive due process right[,] including the right of

18   familial relationship with the deceased."  (ECF No. 30 at ¶ 58.)  Plaintiffs further allege

19   Defendants' conduct in refusing to ask Ellis's family "questions about what they knew about the

20   killing" and their "failure to provide a copy of the Sheriff's investigative reports was a substantial

21   factor in bringing about a violation" of Plaintiffs' due process rights.  (*Id.* at ¶ 61.)

22   ///

23

---

24   [3]    Plaintiffs appear to allege separate constitutional claims under the Fourth, Fifth, Eighth,
25   and Fourteenth Amendments to the United States Constitution.  (*See* ECF No. 30 at ¶¶ 29–84.)
     Defendants move to dismiss all these claims.  (*See* ECF No. 31-1 at 13–16.)  In their opposition,
26   however, Plaintiffs clarify their § 1983 claim is brought only under the substantive component of
     the Due Process Clause of the Fourteenth Amendment.  (ECF No. 32 at 5–6.)  Accordingly, the
27   Court only addresses Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment
     substantive due process claim.
28

1    Defendants argue Plaintiffs' Fourteenth Amendment due process claim fails because it is

2    derived from a violation of Ellis's rights, and Plaintiffs do not allege any unconstitutional conduct

3    was directed toward them.  (ECF No. 31-1 at 14–15.)  Defendants further contend Plaintiffs'

4    claim fails because their allegations are conclusory and are contradicted by other allegations in

5    the TAC and the exhibits submitted therewith.  (*Id.* at 21–22.)

6    In opposition, Plaintiffs contend they are asserting their own rights, not Ellis', and have

7    sufficiently stated a claim that the killing of Ellis was unlawful.  (ECF No. 32 at 6–7, 15–17.)  To

8    support their position, Plaintiffs incorporate excerpts from the TAC — that restate the allegations

9    that Defendants unlawfully killed Ellis (*see id.* at 10–17) — but do not otherwise provide any

10   relevant legal authority to rebut Defendants' contentions that they have failed to state a claim.

11   The Court agrees with Defendants and finds Plaintiffs have failed to state a due process

12   claim under the Fourteenth Amendment.  Plaintiffs purport to assert their own rights under the

13   Due Process Clause, but they do not specify which right was allegedly violated or the conduct by

14   Defendants that led to the violation of their rights.[4]  Instead, Plaintiffs focus on Defendants'

15   conduct toward *Ellis*.  (*See* ECF No. 30 at ¶¶ 29–84.)  To the extent Plaintiffs purport to assert

16   their right to familial association, Plaintiffs' allegations are conclusory, and they offer no legal

17   authority or facts to support an inference they are entitled to relief.  *See Iqbal*, 556 U.S. at 678

18   (complaint must plead sufficient factual content to permit the court to draw the reasonable

19   inference that the defendant is liable for the misconduct alleged).  In any event, Plaintiffs

20   abandoned this argument by not raising it in their opposition brief.  *Jenkins v. Cnty. of Riverside*,

21   398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned claim by not raising it in opposition

22   to motion).

23   The Court previously dismissed Plaintiffs' Fourteenth Amendment claim for failing to

24   allege unconstitutional conduct directed toward them.  (*See* ECF No. 29 at 9.)  The deficiency

25   ──────────────

26   [4]    The only conduct Plaintiffs allege that is directed toward them is Defendants' purported failure to ask Ellis' family questions about Ellis' death and their failure to furnish Plaintiffs copies of the investigative reports.  (*See* ECF No. 30 at ¶ 61.)  These allegations are conclusory, and Plaintiffs offer no legal authority to support their contention that these inactions by Defendants violate the Fourteenth Amendment.  Accordingly, Plaintiffs have failed to demonstrate they are entitled to relief.  *See Iqbal*, 556 U.S. at 678

27

28

remains.  Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment claim without leave to amend.

C.   _Monell_ Claim[5]

Plaintiffs allege Defendants have a policy, practice, or custom of covering up white-on-black police killings by refusing to provide investigative reports to the parents of the deceased. (ECF No. 30 at ¶¶ 5–6, 37, 50–51, 54.)  They maintain Defendants' policy obstructs their ability to obtain any investigative reports, violating 18 U.S.C. § 1510 and Plaintiffs' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments and equal protection under the Fourteenth Amendment.  (_Id._ at ¶¶ 50–55, 59–61.)

Defendants argue Plaintiffs' _Monell_ claim is insufficiently pled and should be dismissed on that basis.  (ECF No. 31-1 at 16.)  Specifically, Defendants contend Plaintiffs fail to identify a custom or policy, explain how the custom or policy was deficient and how it caused Plaintiffs harm, and how the custom or policy amounted to deliberate indifference.  (_Id._)  Plaintiffs disagree and incorporate by reference portions of their TAC, which they argue sufficiently states a _Monell_ claim.  (ECF No. 32 at 17–19.)

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  _Dougherty v. City of Covina_, 654 F.3d 892, 900 (9th Cir. 2011) (citing _Monell_, 436 U.S. at 694).  "[A] policy is 'a deliberate choice to follow a course of action … made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'"  _Oviatt By and Through Waugh v. Pearce_, 954 F.2d 1470, 1477 (9th Cir. 1992) (quoting _Pembaur v. City of Cincinnati_, 475 U.S. 469, 483 (1986)).  "A 'custom' for purposes of municipal liability is a 'widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to

---

[5]   As the Court previously noted, Plaintiffs contend their first cause of action is only a direct claim under the Due Process Clause of the Fourteenth Amendment.  (_See_ ECF No. 32 at 5–6.)  In their opposition, however, Plaintiffs oppose Defendants' motion to dismiss their _Monell_ claim. (_Id._ at 17–19.)  Accordingly, the Court construes Plaintiffs' first cause of action to also assert a claim under _Monell_, 436 U.S. at 658.

1   constitute a custom or usage with the force of law.'"  *Young v. City of Visalia*, 687 F. Supp. 2d

2   1141, 1147 (E.D. Cal. 2009) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

3   "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be

4   founded upon practices of sufficient duration, frequency and consistency that the conduct has

5   become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.

6   1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001).  After establishing

7   one of the methods of liability, "a plaintiff must also show that the circumstance was (1) the cause

8   in fact and (2) the proximate cause of the constitutional deprivation."  *Id.*

9          The Court agrees with Defendants and finds Plaintiffs have failed to establish *Monell*

10   liability.  Plaintiffs' *Monell* claim is premised on Defendants' purported failure to ask them

11   questions about Ellis's death and furnish them with documents related thereto.  But Plaintiffs do

12   cite any legal authority to support an inference that they have a constitutional right to receive

13   those documents or to be consulted during the investigation into Ellis' death.  *See Iqbal*, 556 U.S.

14   at 678; *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2021) (rejecting a

15   theory of *Monell* liability when no case law was cited).  Nor do Plaintiffs identify, beyond their

16   threadbare allegations, the policy or custom of which they complain.  Plaintiffs' allegations

17   amount to no more than an isolated incident, which is insufficient to form the basis of *Monell*

18   liability for an improper custom or practice.  *Saved Magazine*, 19 F.4th at 1201.

19          The Court previously dismissed Plaintiffs' *Monell* claim for failing to sufficiently allege a

20   custom or policy.  (*See* ECF No. 29 at 10–11.)  The deficiency remains.  Accordingly, the Court

21   GRANTS Defendants' motion to dismiss Plaintiffs' *Monell* claim without leave to amend.[6]

22

23   [6]     Plaintiffs move to amend their TAC to file their Fourth Amended Complaint.  (*See* ECF
      No. 35.)  The proposed amendments purport to cure the standing deficiencies in the TAC by
24   adding allegations that Ellis separated from his former wife and had no children, presumably to
      satisfy the requirements for bringing a survival action.  (*Id.* at 4–7.)  These standing deficiencies
25   are only relevant insofar as Plaintiffs attempt to assert *Ellis's* rights.  (*See* ECF No. 29 at 8–9.)
      However, Plaintiffs repeatedly argue they are asserting their own rights, not Ellis'.  (ECF No. 32
26   at 6, 15–16.)  Thus, granting leave to amend would be futile here.  Accordingly, the Court
      DENIES Plaintiffs' motion to amend.  *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d
27   991, 1010 (9th Cir. 2008) ("[L]eave to amend will not be granted where an amendment would be
28   futile.").

1

        D.      State-Law Claim

2           Plaintiffs' second cause of action is a claim under Cal. Civ. Code § 51 (Unruh Act).  (ECF

3   No. 30 at ¶¶ 85–112.)  Defendants move to dismiss this claim on the grounds that Plaintiffs fail to

4   allege compliance with the Tort Claims Act and a violation of the Americans with Disabilities

5   Act. (ECF No. 31-1 at 18–20.)  However, because this matter is before the Court based on

6   federal question jurisdiction and all federal claims have been dismissed, the Court declines to

7   exercise supplemental jurisdiction over Plaintiffs' remaining state-law claim.  28 U.S.C. §

8   1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (affirming the

9   district court's declination to exercise supplemental jurisdiction over the remaining state-law

10   claims after all federal claims were dismissed).

11           Accordingly, the Court DISMISSES Plaintiffs' claim under the Unruh Act without

12   prejudice to bringing this claim in one of the Superior Courts of California.[7]

13       **IV.   CONCLUSION**

14           The Court was clear in its previous Order that Plaintiffs' § 1983 claims were deficient.

15   (*See* ECF No. 29.)  Nevertheless, the Court granted Plaintiffs one final opportunity to cure those

16   deficiencies in an amended complaint.  (*See* ECF No. 29.)  The deficiencies remain.  For the

17   foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss and DISMISSES

18   Plaintiffs' § 1983 claim (including their *Monell* claim) without leave to amend.  (ECF No. 31.)

19   The Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claim and

20   DENIES all other motions.  (ECF Nos. 31 (Motion to Strike), 35 (Motion to Amend).)  The Clerk

21   of Court is directed to close this case.

22           IT IS SO ORDERED.

23   _____

24   [7]      Related to their *Monell* claim, Plaintiffs allege Defendants' policy, practice, or custom of
covering up white-on-black police killings violates 18 U.S.C. § 1510 and the Fifth and Fourteenth

25   Amendments.  (ECF No. 30 at ¶¶ 50–55, 59–61.)  Plaintiffs contend this purportedly unlawful
policy is ongoing and they seek to enjoin Jones from enforcing it under *Ex parte Young*, 209 U.S.

26   123 (1908).  (*Id.* at ¶¶ 55–57.)  Because the Court has dismissed both of Plaintiffs' claims,
however, their request for injunctive relief is moot.  *See, e.g.*, *Boland, Inc. v. Rolf C. Hagen*

27   *(USA) Corp.*, 685 F. Supp. 2d 1094, 1112 (E.D. Cal. 2010) (injunctive relief is a remedy, not an
independent cause of action).

28

Date:  December 12, 2023

_____
Troy L. Nunley
United States District Judge